**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.   ANITA COLE, | ) | |
| | ) | |
|       Plaintiff, | ) | |
| v. | ) | CIV-13- 918-HE |
| | ) | |
| 1.   ADVANCEPIERRE FOODS, INC., | ) | |
|       and | ) | |
| 2.   ADVANCE FOOD COMPANY, LLC | ) | |
|       f/k/a ADVANCE FOOD COMPANY, | ) | |
|       INC., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
|       Defendants. | ) | **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, Anita Cole, and for her Complaint against the Defendants alleges and states as follows:

### PARTIES

1. The Plaintiff is Anita Cole, an adult female resident of Garfield County, Oklahoma.

2. The Defendants are:

a) AdvancePierre Foods, Inc., an entity doing business in Garfield County, Oklahoma.

b) Advance Food Company, LLC f/k/a Advance Food Company, Inc., and entity doing business in Garfield County, Oklahoma.

### JURISDICTION AND VENUE

3. This is a cause of action arising out of Plaintiff's former employment with Defendants and is based on retaliation in violation of Title VII of the Civil Rights Act of 1964.

4. Jurisdiction over Plaintiff's federal cause of action is vested in this Court under

28 U.S.C. § 1331.

5. Plaintiff has exhausted her administrative remedies as to the above-listed claim by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about May 25, 2013. The EEOC issued a Dismissal and Notice of Rights letter to Plaintiff that is dated July 31, 2013 and received by mail thereafter. Plaintiff has timely filed this action within ninety (90) days of receipt of her notice of right to sue.

6. The Defendants are located and can be served in Garfield County and all acts complained of occurred in or around Garfield County. Garfield County is located within the Western District of the United States District Court of Oklahoma. Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7. Plaintiff began her employment with Defendants in or around October 2005 in the Cafeteria department. While employed, Plaintiff also held the position of front-desk receptionist and Food Safety/Quality Assurance. In or around November 2006, Plaintiff was placed in a Quality Assurance Tech position.

8. Throughout her employment, Plaintiff's job performance was at least satisfactory, if not excellent.

9. On or about November 4, 2010, Plaintiff's husband, Elton Cole, was wrongfully terminated from his position with Defendants. Mr. Cole filed a lawsuit against Defendants in or around July 2011. The case concluded in or around December 2011.

10. After her husband filed suit, Plaintiff transferred facilities from Defendants' Pine Street location to its Willow facility.

11. After the suit was filed, Defendants began treating Plaintiff differently. For

...

instance, Plaintiff was told by one of her supervisors, Bobby Mann, that her husband was not allowed on the property and could not eat lunch with her, despite allowing other employees' spouses on the premises to eat lunch.

12.     Further, in or around October 2012, Plaintiff arrived at work to find that one of her metal sticks used to assess food quality was missing.  At the end of the day prior, Plaintiff had all four of her metal sticks with her clipboard, which was stored in a filing cabinet in the Quality Assurance office, which had been verified and signed off on by another Quality Assurance personnel. Plaintiff reported to Catherine Wolfe, a supervisor, that her equipment was missing and that she felt that someone was trying to get rid of her, i.e., terminate her employment with Defendants.  However, no investigation was conducted into Plaintiff's concerns.

13.     On or about January 11, 2013, Plaintiff was notified that she was being suspended by Wolfe.  Plaintiff was told the reason for her suspension was allegedly that she had falsified documents.  However, such reason was false.  Plaintiff did not falsify any documents and denied the same.  In her position, Plaintiff was required to perform a quality metal check on her assigned product line by placing a metal stick on the conveyer to assure the metal detectors were working properly.  Plaintiff was required to perform this check every seventy (70) minutes and record the times.  Plaintiff was accused of allegedly entering the wrong time on her record in an effort to make it appear that she had performed the metal stick check within the seventy (70) minute time frame, when she had not.  However, the timing of the metal stick checks that Wolfe alleged had actually been performed by Plaintiff were still within the seventy (70) minutes allotted.  Thus, there was no reason for Plaintiff to record a false time because even according to Wolfe, the timing of the checks met policy requirements.  Despite notifying Defendants of the same, Plaintiff was suspended without

pay.

14. Plaintiff was then terminated from her position on or about January 16, 2013, allegedly due to falsifying documents on or about January 11, 2013. Such reason was false and merely pretext for retaliation based on Plaintiff's husband's lawsuit based on disability discrimination under Title VII of the Civil Rights Act of 1964, inter alia.

15. Prior to Plaintiff's husband filing a discrimination lawsuit against Defendants, Plaintiff had not been disciplined and had received satisfactory (or better) performance evaluations.

16. As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries as described below.

## COUNT I - TITLE VII - RETALIATION

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

17. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1991, as amended, in the nature of retaliation.

18. As damages, Plaintiff has suffered lost earnings, past and future, and emotional distress.

19. Because the actions of Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## PRAYER

**WHEREFORE** Plaintiff respectfully prays that this Court enter judgment in favor of the Plaintiff and against the Defendants and award compensatory damages, punitive damages, together with any appropriate equitable relief, pre- and post-judgment interest,

costs and attorney's fees.

Respectfully submitted this <u>27th</u> day of August, 2013.

<u>S/ Jana B. Leonard</u>
**JANA B. LEONARD, OBA # 17844**
**SHANNON C. HAUPT, OBA # 18922**
**LAUREN W. JOHNSTON, OBA# 22341**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. Walker**
**Oklahoma City, Oklahoma 73139**
**(405) 239-3800 (telephone)**
**(405) 239-3801 (facsimile)**
**leonardjb@leonardlaw.net**
**haupts@leonardlaw.net**
**johnstonlw@leonardlaw.net**

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**